## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ALMA MORALES-VEGA | * | Civil Case No. AW-10-3243 |
| | * | Criminal Case No. AW-08-0051 |
| v. | * | |
| | * | |
| | ****** | |
| UNITED STATES OF AMERICA | | |

## MEMORANDUM OPINION

Before the Court is a Motion/Petition to Vacate filed by the Petitioner/Defendant, Alma Morales-Vega for relief pursuant to 18 U.S.C. § 2255. On February 27, 2008, a Federal Grand Jury for the District of Maryland charged Petitioner and others in a Superseding Indictment with one count of possessing with intent to distribute 500 grams or more of cocaine, and one count of conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine. Petitioner pled not guilty and went to trial. One January 26, 2009, a jury convicted Petitioner on Count Two (the conspiracy count) and was unable to reach a unanimous decision as to Count One (the possession with intent to distribute). Following the sentencing hearing, the Court departed two levels down from an offense level of 39 to a 37 (Criminal history I) and sentenced Petitioner to a low end guideline sentence of 210 months with the Bureau of Prisons. Petitioner appealed her conviction and sentence to the United States Court of Appeals raising the following issues: (1) that the evidence was insufficient to convict her of the charged conspiracy; (2) that the district court erred in admitting transcripts or conversations between co-conspirators; and (3) that the district court erred when it failed to grant a mistrial or order a new trial after receiving a letter purporting to be from one of Petitioner's co-conspirators, and which alleged

that Petitioner only reluctantly participated in the conspiracy for which she was ultimately convicted. Finding no reversible error, the appellant court affirmed the conviction and judgment in an unpublished opinion dated August 20, 2010. *United States v. Morales-Vega*, No. 09-4473 (4th Cir. 2010). The present § 2255 was timely filed by Petitioner on November 15, 2010. Preliminarily, Petitioner has requested the appointment of counsel to assist her in this Motion to Vacate. The right to counsel is not absolute in collateral proceedings and the Court finds that Petitioner has adequately presented her claims. The Motion/Request for appointment of Counsel is denied.

Petitioner presents four claims in support of her Motion which she contends entitle her to relief. First, Petitioner asserts that the district court erred in admitting inadmissible evidence and in denying her a new trial. Second, Petitioner argues that the district court violated her Sixth Amendment rights when it did not allow her an opportunity to select or participate in the jury selection process. Third, Petitioner posits that her Sixth Amendment rights were violated when the court committed plain error which was not corrected. Finally, Petitioner claims that her trial counsel rendered ineffective assistance which violated her Sixth Amendment rights. The Government has responded to the Motion and the matter (Motion) is now ripe for resolution.

Petitioner first submits in general conclusionary statements that the court erred in admitting evidence that was inadmissible, in violating her rights, and in not granting a mistrial. The court agrees with the Government that this claim and the issues associated therewith were previously raised in connection with Petitioner's appeal and were, in fact, rejected by the Fourth Circuit. Moreover, the Court finds that [on this record before the Court] there is no basis to

support her claims that inadmissible evidence was admitted and that her rights were violated. This claim must be denied.

Second, Petitioner asserts that the Court violated her Sixth Amendment Right by failing to permit her the right to select the jury or to have someone [she says] "present" to help her select the jury—a right she says she did not know she had. Again, the Court agrees with the Government. To the extent that this claim has any merit, it should have been raised on direct appeal. The record reflects that this issue was not among the issues raised on appeal. Therefore, this claim is waived and is procedurally defaulted. See *Massaro v. United States*, 538 U.S. 500, 503 (2003). Moreover, Petitioner has not presented any cogent basis for not having raised this issue earlier nor has Petitioner shown or presented any actual prejudice she sustained as a result of this alleged violation. See United *States v. Frady*, 456 U.S. 150. 170 (1982)—applying the cause and effect standard. Even if we assumed that this claim was not barred, Petitioner, nevertheless, has not presented a basis for any relief on this ground. Petitioner was represented by her counsel who actively participated in jury selection, and in the follow-up voir dire questions. Counsel also made requests and decisions regarding strikes of certain jurors for cause, and exercised peremptory strikes on behalf of and, presumably, with the acquiescence of Petitioner. Petitioner was assisted by court-certified interpreters and was seated beside counsel during the voir dire, and/or was permitted to listen in on every conversation at the bench on any follow up-voir dire questions to the prospective jurors. The Court, of course, was not privy to Petitioner's conversations with her counsel during jury selection but the Court is satisfied that Petitioner did participate to the extent she wanted to with respect to the jury selection. To raise an issue of having been denied the right to "pick" her jury at this juncture is clearly self-serving.

At any rate, the Court finds that this constitutional claim of not being permitted an opportunity to participate in selecting the jurors in her case is not only an issue which was waived under procedural default but this issue is devoid of merit and also must also be denied.

Next, Petitioner's third claim can be easily disposed of. Petitioner makes a conclusory statement that the Court violated her rights under the Sixth Amendment and committed plain error which the Court did not correct. The Court is unsure whether Petitioner is again raising issues which were rejected on appeal or whether Petitioner refers to some other alleged error. The Court wonders what Sixth Amendments Rights to which Petitioner refers, and to what plain error Petitioner asserts occurred and which the Court did not correct. The Court cannot and will not guess or speculate as to what Petitioner is raising. This third claim is no more than a bald allegation and is also denied.

Finally, Petitioner posits that she was denied the effective assistance of counsel by counsel failing to object to the Court's errors, by not representing Petitioner to the best of his abilities, and by not continuing Petitioner's appeal. Petitioner also argues that her counsel was ineffective in not properly advising her with respect to her trial, with respect to jury instruction rights, and in not advising Petitioner with respect to her options other than trial. With respect to the claims by Petitioner that her counsel was ineffective, the Court reviews her allegations under the well established standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), under which a claimant must establish the two prong standard of deficient performance and prejudice. In other words, in order to succeed on her claim of ineffective assistance of counsel, Petitioner must show that her counsel's performance was deficient in that counsel made errors so serious that he ceased to function as a counsel within the meaning of the Sixth Amendment, and

4

that the alleged deficient performance prejudiced the defense. Id.

First, the Petitioner must show that counsel's representation "fell below an objective standard or reasonableness", as measured by prevailing professional norms. Id at 688. Courts should be deferential in this inquiry, and have "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id at 689. The Petitioner must, therefore, overcome the presumption that the representation "might be considered sound trial strategy." Second, Petitioner must demonstrate that counsel's inadequate performance prejudiced her. Id at 687. Here, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id at 694. A reasonable probability, in turn, is defined as "a probability sufficient to undermine confidence in the outcome." In cases where a conviction has been the result of a trial, Petitioner must demonstrate that but for counsel's errors, there is a reasonable probability that she would not have been convicted. With these legal principles in mind, the Court now turns to Petitioner's arguments.

Petitioner alleges that her counsel failed to object to the Court's errors, did not represent her to the best of his abilities, did not continuing Petitioner's appeal, did not advise her with respect to the trial and jury instructions, and did not advise here as to any other options available to her other than trial. Again, the Court cannot decipher what errors the Court allegedly made to which Petitioner's counsel did not object. Neither has Petitioner presented any specifics regarding Petitioner's counsel failure to represent Petitioner to the best of his professional ability, nor has Petitioner presented any specifics regarding counsel's alleged failures to advise her of her trial rights, jury instructions, or alternative options. The record simply is bereft of any

5

details, and the Court cannot employ conjecture in an attempt to figure out what Petitioner argues. With respect to Petitioner's claim that she wanted counsel to continue appealing, it is clear under the law that Petitioner is entitled to an absolute right to an appeal following her conviction to the Fourth Circuit. That appeal was perfected by counsel, and the relevant transcripts and briefing were properly filed. The United States Court of Appeals for the Fourth Judicial Circuit considered the appeal, and, thereafter, affirmed the conviction and sentence. The Court finds that Counsel discharged his responsibilities. Despite Petitioner's claim that she wanted to continue appealing but her counsel did not further appeal (there is nothing to indicate that Petitioner's want was communicated to counsel), Petitioner's counsel is not required to continue "appealing" per Petitioner's "want." Therefore, under the *Strickland* standard, the Court cannot find on this record that Petitioner's counsel committed any error or deficiencies nor can the Court conclude that as a result of any alleged error has Petitioner suffered any prejudice. This fourth and final claim, therefore, must be denied.

In sum, the Court has reviewed the current pleadings and the entire files relative to the present motion as well as the underlying criminal case. The Court concludes that Petitioner has failed to demonstrate a legal and cognizable basis for relief. Accordingly, the Petitioner's motion pursuant to § 2255 is DENIED.

A Certificate of Appealability

There is no absolute entitlement to appeal a district court's denial of the Motion. See 28 U.S.C. § 2253 (c) (1) "A [Certificate of Appealability, or COA]" may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id* at § 2253 (c) (2). To meet this burden an applicant must show that "reasonable jurists could debate whether (or, for

that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983). Here the Court had concluded ……It is the Court's view that Petitioner has raised no arguments which causes this Court to view the issues as debatable, or finds that the issues could have been resolved differently, or to conclude that the issues raise questions which warrant further review. Accordingly, the Court denies a Certificate of Appealability.

    A separate Order will be issued.

Date: May 12, 2011                         _____/s/_____
                                                Alexander Williams, Jr.
                                                United States District Judge