IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| v. | * Crim. No. **PJM 08-0051** |
| **ALMA MORALES-VEGA,** *pro se* | * |
| Petitioner | * |

## MEMORANDUM OPINION

Alma Morales-Vega, *pro se*, has filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c), relying on Amendment 782 to the U.S. Sentencing Guidelines. ECF No. 214. The Court finds she is ineligible for a reduction pursuant to Amendment 782 because she was already sentenced to the low end of the amended guideline range. Accordingly, the Court will **DENY** her Motion.

### I.

On February 27, 2008, a Superseding Indictment charged Morales-Vega with one count of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846 (Count One), and one count of Possession with Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Two). ECF No. 16. On January 26, 2009, a jury found Morales-Vega guilty on Count One, but could not reach a verdict on Count Two. ECF No. 132.

The Presentence Report (PSR) recommended a base offense level of 34, PSR ¶ 14, and a criminal history category of I. PSR ¶ 25. It also recommended a two level enhancement to Morales-Vega's offense level for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1), PSR ¶ 16, and a four level enhancement because she was a leader or organizer of the criminal activity. PSR ¶ 18. As a result, the PSR calculated a total offense level of 40, PSR ¶ 22, resulting in a guideline range of imprisonment between 292 to 365 months. PSR ¶¶ 33, 35.

On April 18, 2009, Morales-Vega appeared before Judge Alexander Williams of this Court for sentencing. Judge Williams adopted the advisory guideline from the PSR, but reduced Morales-Vega's offense level by one – to 39 – because he found "she was a manager or supervisor and not necessarily an organizer or leader" of the criminal activity. ECF No. 181 at 21-22. Furthermore, applying the 18 U.S.C. § 3553(a) factors, Judge Williams granted her a two-level downward variance. *Id.* at 38. The bottom line: Morales-Vega had a total offense level of 37 and a criminal history category of I, which resulted in a sentencing range of 210 to 262 months in custody. *Id.* at 37-38. She was sentenced at the low end of the guideline range – 210 months in custody – and five years supervised release. ECF No. 164.

After the Fourth Circuit denied her appeal, Morales-Vega filed a motion to vacate her sentence under 28 U.S.C. § 2255 on November 16, 2010, ECF No. 190, which Judge Williams denied. ECF No. 196 at 4. On November 6, 2014, she filed the present Motion, seeking a reduction in her sentence pursuant to Amendment 782. ECF No. 214.[1] On May 23, 2016, she filed a Motion Requesting this Honorable Court to Exercise its Authority in the Granting of the Motion Submitted Pursuant to 18 U.S.C. §3582(c)(2) in Light of Amendment (782) and its Retroactive Effect. ECF No. 228. On May 9, 2017, the Government filed its opposition to the Motion. ECF No. 237. Morales-Vega has filed no reply.

---

[1] The case was transferred to this member of the Court on December 1, 2014, after Judge Williams retired.

**II.**

Under 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the Court to reduce her sentence. The Court may reduce the defendant's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 782, effective November 1, 2014, reduced by two levels the base offense level in the Advisory Guidelines under § 2D1.1 for certain drug offenses. The Amendment, however, did not have the effect of reducing a defendant's sentence below the minimum of the amended guideline range, unless the defendant originally received a sentence below the guideline range applicable at the time of sentencing based on the defendant's substantial assistance to authorities. U.S.S.G. § 1B1.10(b)(2)(A) and (B).

Morales-Vega's original offense level was 39. ECF No. 181 at 38. She was awarded a two level variance, from 39 down to 37, based on the § 3553 factors. *Id.* However, pursuant to U.S.S.G. § 1B1.10, Application Note 1(A), the Court calculates the amended guideline range based on the guideline range before any variance was applied, which in this case would be 39. Applying Amendment 782 to an original offense level of 39 produces an amended offense level of 37 and a sentence range of 210 to 262 months. Morales-Vega was originally sentenced to 210 months. Furthermore, she did not receive a downward departure from her Advisory Guidelines range based on substantial assistance to the authorities. Absent such departure, she is not eligible for a reduction to her sentence of 210 months under Amendment 782. *See* U.S.S.G. § 1B1.10(a), (b)(2).

## III.

For the above reasons, Morales-Vega's Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(2) in Light of Retroactive Effect of Amendment 782, ECF No. 214, and her Motion Requesting this Honorable Court to Exercise its Authority in the Granting of the Motion Submitted Pursuant to 18 U.S.C. §3582(c)(2) in Light of Amendment (782) and its Retroactive Effect, ECF No. 228, are **DENIED**.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**July 28, 2017**